UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign insurer authorized by the Washington insurance commissioner,<br><br>Defendant. | No.:<br><br>NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. Section 1441 and 1446, Defendant Liberty Mutual Fire Insurance Company ("Liberty") submits this Notice of Removal.

## I. PROCEDURAL POSTURE

1. On August 15, 2022, Plaintiff Costco Wholesale Corporation ("Plaintiff" or "Costco") filed a Complaint for Damages and Declaratory Relief (the "Complaint") in the action captioned *Costco Wholesale Corp. v. Liberty Mut. Fire Ins. Co.*, Washington State Superior Court, King County, Case No. 22-2-13014-8 SEA (the "State Court Action").

2. Plaintiff served Liberty with a copy of the Summons and Complaint via the Washington State Insurance Commissioner, who thereafter forwarded the documents to Liberty. Liberty received the summons and complaint on August 22, 2022.

NOTICE OF REMOVAL
NO.:

PAGE 1

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is being filed within 30 days after receipt by Liberty of the initial pleading setting forth the claim upon which the State Court Action is based. *See Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F3d 1126, 1130 (9th Cir. 2019) (holding that "the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent and began in this case only when [the insurer] actually received [the insured's] complaint").

## II. **GROUNDS FOR REMOVAL**

4. The State Court Action is removable under 28 U.S.C. § 1441(b) because this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

5. Complete diversity exists because Plaintiff and Liberty are not citizens of the same state.

6. Plaintiff is a Washington Corporation with its principal place of business in King County, Washington. Plaintiff is therefore a citizen of the state of Washington.

7. Liberty is a company organized under the laws of the State of Wisconsin with its principal place of business located at 175 Berkeley St., Boston, Massachusetts 02116. Ohio is therefore a citizen of the states of Wisconsin and Massachusetts.

8. The amount in controversy requirement is satisfied because Liberty has a good faith basis to believe Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. A notice of removal may assert the amount in controversy if the initial pleading in the state court action does not demand a specific sum. 28 U.S.C. § 1446(c)(2)(a). The defendant need only allege a "short and plain statement" supporting the amount-in-controversy and this allegation is accepted when not contested. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

9. Plaintiff's Complaint in the State Court Action does not demand a specific sum. It does allege, however, that Plaintiff is entitled to defense and indemnity coverage from

Liberty for a separate lawsuit originally filed against Plaintiff in California State Superior Court, Orange County, as Case No. 30-02018-00979830-CU-PO-CJC, which Plaintiff subsequently removed to the United States District Court for the Central District of California as Case No. 8:18-cv-01143-JVS-JDE (the "Underlying Action"). The plaintiff in that lawsuit, Gene St. Hilaire, demands damages from Costco in the amount of $1,471,614.60. In the State Court Action, Costco alleges that Liberty must indemnify it for these damages as well as for its costs incurred in defending the Underlying Action. Based on the amount at issue in the Underlying Action for which Plaintiff seeks indemnification, Liberty alleges that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### III. VENUE AND INTRADISTRICT ASSIGNMENT

10. Venue is proper in the United States District Court for the Western District of Washington based on 28 U.S.C. § 1441(a) because this is the district embracing the county where the State Court Action is pending.

11. Assignment is proper to the Seattle Division because the State Court Action was filed in King County, Washington.

### IV. STATE COURT PLEADINGS

12. In accordance with 28 U.S.C. §1446(a) and LCR 101, true and correct copies of the process, pleadings, and orders, as well as all additional records and proceedings in the State Court Action accompany this Notice of Removal.

13. In accordance with 28 U.S.C. § 1446(d), Liberty will file a Notice to Plaintiff and State Court Clerk in King County Superior Court of Removal to the U.S. District Court, attached to which will be a copy of this Notice.

//

//

DATED: September 21, 2022

BULLIVANT HOUSER BAILEY PC

By */s/ Michael A. Guadagno*
Michael A. Guadagno, WSBA #34633
E-mail: michael.guadagno@bullivant.com

By */s/ Jared F. Kiess*
Jared F. Kiess, WSBA #54532
E-mail: jared.kiess@bullivant.com

Attorneys for Defendant Liberty Mutual Fire Insurance Company

4874-9040-2355.1

NOTICE OF REMOVAL NO.:

PAGE 4

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF e-filing system which will send notification of such filing to the persons listed below:

Bradley Hoff
BUCHALTER
1401 Fifth Avenue, Suite 3100
Seattle, WA 98101
bhoff@buchalter.com

☐ via hand delivery.
☐ via first class mail.
☐ via email
☒ CM/ECF E-service

*Attorneys for Plaintiff Costco Wholesale Corporation.*

Dated: September 21, 2022.

*/s/ Kristin Anderson*
Kristin Anderson, Legal Assistant

NOTICE OF REMOVAL
NO.:

PAGE 5

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930