FILED
2022 AUG 15 04:29 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 22-2-13014-8 SEA

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR KING COUNTY

| | |
|---|---|
| COSTCO WHOLESALE CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign insurer authorized by the Washington insurance commissioner,<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF** |

Plaintiff Costco Wholesale Corporation ("Costco"), for its Complaint for Declaratory Relief and Damages against defendant Liberty Mutual Fire Insurance Company ("Liberty"), alleges:

## PARTIES

1. Plaintiff Costco is a Washington corporation qualified to do business in the State of Washington with its principal place of business in King County, Washington. Costco has paid all applicable fees and licenses, and satisfied all conditions precedent to bringing this action.

2. Defendant Liberty is a foreign insurer authorized by the Washington insurance commissioner that issued an insurance contract insuring an entity that resides in King County, Washington and has failed to provide coverage demanded by that entity.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 1

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to, among other things, RCW 7.24.010 and .030 because this action presents a justiciable controversy between the parties regarding Liberty's obligations to Costco under the insurance policy at issue. This is an actual and existing dispute within the meaning of Chapter 7.24 RCW, between parties with genuine and opposing interests which are direct and substantial, a judicial determination of which will be final and conclusive.

4. This Court has personal jurisdiction over Liberty pursuant to, among other things, RCW 4.28.185 and RCW 48.05.200 because Liberty contracted to insure Costco which has resided in King County, Washington at all relevant times, and Liberty wrongfully failed to acknowledge and satisfy its coverage obligations to Costco for the lawsuit at issue in this action.

5. Venue for this action properly lies in this Court pursuant to, among others, RCW 48.05.220 because Liberty contracted to insure Costco which has resided in King County, Washington at all relevant times, and wrongfully denied Costco's demand for coverage for the lawsuit at issue in this action. This action is properly brought in the Seattle Division under LR 82(a) because Costco resides North of Interstate 90 in King County, Washington.

## GENERAL ALLEGATIONS

6. On or about October 17, 2016, and at various other times relevant hereto, Costco entered into a written Refrigeration Maintenance Services Agreement (the "Agreement") with Hill Phoenix Inc. ("Hill Phoenix"). Under the Agreement, Hill Phoenix agreed to provide refrigeration maintenance services at Costco warehouses. Hill Phoenix also agreed to indemnify Costco, maintain commercial general liability (CGL) insurance (including products and completed operations liability and contractual liability), and to have Costco named as an additional insured under that promised insurance.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 2

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

7. The Agreement between Costco and Hill Phoenix also provides that it shall be governed by Washington law.

8. On information and belief, at Hill Phoenix's request, Liberty issued a commercial general liability policy to named insured Hill Phoenix that was in effect from at least January 1, 2017 through January 1, 2018 (the "Policy").

9. On information and belief, pursuant to the Agreement, Hill Phoenix requested that Liberty name Costco as an additional insured "vendor" under the Policy.

10. On information and belief, Liberty did in fact make Costco an additional insured under the Policy.

11. The Policy requires Liberty to, among other things, pay all sums which an insured (including Costco) becomes legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence during the policy period, and to defend Costco in any suit seeking such damages.

12. On or about March 16, 2018, Gene St. Hilaire ("St. Hilaire") filed against Costco a complaint in Orange County (California) Superior Court (Case No. 30-2018-00980124-CU-PO-CJC) (the "St. Hilaire Suit"). The St. Hilaire Suit sought to recover damages for bodily injury and allegedly sustained by St. Hilaire in October 2017 when plaintiff St. Hilaire slipped and fell on water on the floor of a walk-in dairy cooler in Costco's San Juan Capistrano, California warehouse.

13. The Policy was in effect at the time of the slip and fall injury alleged in the St. Hilaire Suit. The allegations of the St. Hilaire Suit triggered Liberty's coverage obligations to Costco under the Policy, including but not limited to providing Costco with a fully-funded defense and funding up to the amount of stated policy limits of a reasonable settlement reached or adverse judgment entered in that suit.

14. Costco tendered the St. Hilaire Suit to Liberty under the Policy, and demanded that Liberty acknowledge and satisfy its coverage obligations to Costco in the St. Hilaire Suit.

15. Since receiving Costco's coverage tender of the St. Hilaire Suit, Liberty has failed to acknowledge and satisfy its coverage obligations to Costco for that suit.

16. Liberty did not seek a judicial determination that it had no coverage obligations to Costco in the St. Hilaire Suit.

17. Liberty's failure to provide coverage to Costco for the St. Hilaire Suit was wrongful and based upon an inadequate coverage investigation and an unreasonable, unfounded, and frivolous interpretation of the Policy, including the provisions under which Costco qualified as an additional insured.

18. Costco has been damaged and will continue to suffer damage as a result of Liberty's wrongful failure to provide coverage to Costco for the St. Hilaire Suit, including defending and paying a reasonable settlement or adverse judgment in that suit. For example, Costco has already incurred attorney fees and costs defending and settling that suit, and in pursuing the coverage to which Costco is entitled from Liberty under the Policy (including without limitation the cost of bringing and ultimately litigating this action to obtain the full benefit of the Policy under which Costco is insured).

## FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

19. Costco incorporates herein by reference so much of the other portions of the Complaint as is not inconsistent with this first cause of action.

20. An actual and justiciable controversy has arisen and now exists between Costco and Liberty concerning Costco's rights and Liberty's obligations under the Policy. Specifically, Costco contends that Liberty has a duty to defend against and pay a reasonable settlement reached in the St. Hilaire Suit. Despite Costco's demand that it do so, Liberty has failed to acknowledge and satisfy those duties.

21. Costco is entitled to a judicial determination of its rights and Liberty's obligations under the Policy with respect to the St. Hilaire Suit, and specifically that:

    a.    Liberty is obligated to provide a complete defense to Costco in the

St. Hilaire Suit, including paying for all attorney fees, costs, expert witnesses fees and other legal expenses incurred by Costco from the commencement through the conclusion of that suit;

    b.    Liberty is obligated to fund the reasonable settlement of the St. Hilaire Suit that Costco negotiated and paid; and

    c.    Liberty has breached and will continue to breach the Policy by refusing to acknowledge or satisfy its coverage obligations to Costco with respect to the St. Hilaire Suit.

22.    A determination by this Court of the parties' respective rights, duties and liabilities under the Policy is necessary and proper at this time.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

23.    Costco incorporates herein by reference so much of the other portions of the Complaint as is not inconsistent with this second cause of action.

24.    Costco has duly performed each and every condition of the Policy on its part to be performed.

25.    Liberty has failed and refused to perform its obligations set forth in the Policy in that it has failed to fund Costco's defense against the St. Hilaire Suit and failed to pay a reasonable settlement reached by Costco in that suit. As such, Liberty has breached its contractual duties to Costco.

26.    As a direct and proximate result of Liberty's breach of its contractual duties, Costco incurred and will continue to incur substantial damages according to proof at trial, including but not limited to attorney fees, costs and expert fees incurred and to be incurred in defending against the St. Hilaire Suit, and the amount of the reasonable settlement reached by Costco in that suit. Furthermore, Costco has incurred and continues to incur fees and costs to obtain the full benefits to which it is entitled under the Policy.

## PRAYER FOR RELIEF

Plaintiff Costco requests the following relief from this Court:

1. A declaration that Liberty had a duty to defend Costco in the St. Hilaire Suit;

2. A declaration that Liberty had a duty to pay the reasonable, within-limits settlement of the St. Hilaire Suit that Costco negotiated and paid;

3. A declaration that Liberty breached the Policy by denying having any coverage obligations to Costco with respect to the St. Hilaire Suit;

4. A judgment against Liberty for Costco's actual damages in the amount to be established at hearing or trial;

5. A judgment against Liberty for Costco's costs and attorney fees to the full extent allowed by law (for example, pursuant to Washington's *Olympic Steamship* doctrine), in the amount to be established at hearing or trial;

6. A judgment against Liberty for pre-judgment and post-judgment interest on the above amounts, to the full extent allowed by law;

7. Permission to amend the pleadings to add additional claims verified during discovery and litigation, or claims that conform to the proof offered at the time of hearing or trial; and

8. Such other relief as appears to this Court to be just and equitable.

Dated: August 15, 2022          BUCHALTER

By: /s/ Bradley Hoff
Bradley Hoff, WSBA #23974
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
T: 206.319.7060
E: bhoff@buchalter.com

*Attorneys for Plaintiff*
COSTCO WHOLESALE CORPORATION, a Washington corporation